# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| ELMER LEE JEFFERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:06CV189 LMB |
| | ) | |
| STEPHEN SOKOLOFF, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the application of Elmer Jefferson for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis. 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action against defendants Stephen Sokoloff (Prosecutor), Mark Richardson (Judge), Stephen Sharp (Judge), Paula Gargis (Clerk of Court), and Dan Crawford (Judge) for alleged violations of his civil rights.

The complaint consists of rambling, incoherent, and conclusory allegations that plaintiff is currently being unlawfully prosecuted in Missouri state court on criminal charges. Each of plaintiff's allegations against defendants arise from their official court duties. Plaintiff seeks monetary relief and an order from the Court enjoining the state criminal action and expunging his state criminal record.

**Discussion**

Plaintiff's complaint does not survive review under 28 U.S.C. § 1915(e)(2)(B). To the extent that plaintiff seeks money damages, defendants are immune from suit. *Penn v. United States*, 335 F.3d 786, 789 (8th Cir. 2003) (judicial immunity); *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996) (prosecutorial immunity); *Antoine v. Byers & Anderson Inc.*, 508 U.S. 429, 436 (1993) (court clerk's office entitled to immunity for discretionary acts or acts taken at the direction of a judge). Additionally, to the extent that plaintiff seeks an order enjoining the ongoing state criminal proceedings, comity dictates that this Court abstain from addressing this claim. *Younger v. Harris*, 401 U.S. 37 (1971) (policy against federal court interference with state criminal proceedings); *Bonner v. Circuit Court of the City of St. Louis*, 526 F.2d 1331, 1336 (8th Cir. 1975). Finally, the

complaint does not allege that extraordinary circumstances exist warranting the expunction of plaintiff's criminal record. *E.g.*, *United States v. Doe*, 859 F.2d 1334, 1335-36 (8th Cir. 1988). As a result, the complaint shall be dismissed, without prejudice, prior to service of process.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate order of dismissal shall accompany this Memorandum and Order.

Dated this 19th day of January, 2007

**UNITED STATES DISTRICT JUDGE**